IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE CLEMENTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-140-F |
| | ) | WO |
| | ) | |
| ANTHONY CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Joe Clements ["Clements"], a county inmate, challenges actions taken against him during his confinement in the Covington County Jail. The plaintiff seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, defendant Clark filed special reports and supporting evidentiary materials addressing the plaintiff's claims for relief. In these reports, the defendant asserts that this case is due to be dismissed because the plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, defendant Clark maintains and the undisputed evidentiary materials demonstrate that with respect to the claims presented in the instant complaint the plaintiff has failed to pursue the administrative remedies available to him in the Covington

County Jail via the jail's inmate grievance procedure. *Defendant's Special Report* at 6; *Defendant's Supplemental Special Report* at 3.[1]

Upon review of defendant Clark's exhaustion defense and the evidentiary materials filed in support of this defense, the court entered orders allowing the plaintiff an opportunity to show cause why this case should not be dismissed for his failure to exhaust administrative remedies. *See Order of April 6, 2005 - Court Doc. No. 13* and *Order of May 10, 2005 - Court Doc. No. 19*. These orders specifically cautioned the plaintiff that his failure to file an appropriate response in compliance with such orders would result in the dismissal of this case. The plaintiff has filed nothing in response to these orders demonstrating his exhaustion of available administrative remedies. In light of the foregoing, the court concludes that this case should be dismissed without prejudice as the plaintiff has failed to exhaust his available administrative remedies.

## DISCUSSION

Clements complains that he is being subjected to unconstitutional conditions during his confinement in the Covington County Jail. In addressing the plaintiff's complaint, the defendant argues that this case is subject to dismissal because the plaintiff failed to exhaust an available administrative remedy as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The plaintiff fails to present appropriate evidence to refute this assertion.

---

[1] The defendant filed a copy of the plaintiff's jail records and these records fail to contain any grievances filed by the plaintiff with respect to the actions about which he complains.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

It is undisputed that the Covington County Jail provides a grievance procedure for inmate complaints. The evidentiary materials filed in this case demonstrate that the plaintiff failed to file an inmate grievance challenging the actions about which he complains in the instant complaint. The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet exhausted an available

administrative remedy.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an available administrative remedy.

It is further

ORDERED that on or before July 5, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 21st day of June, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE